## THOMAS CARLISLE et a. *versus* CHARLES THOMPSON.

Where the records of a deceased justice of the peace have been lodged with
a clerk of the court of common pleas, such clerk may, from the minutes
made by the justice in his docket, enter up judgment in the same manner
that judgments in the common pleas are entered up from minutes kept by
the clerk of that court.

DEBT upon a judgment for $5,17 debt, and $3,67 costs,
rendered by Jonas Baker, a justice of the peace, on the

Carlisle, et a. 21st February, 1820, in favor of the plaintiffs, against
v.
Thompson. the defendant. The justice had deceased, and his re-
cords had been lodged with the clerk of the court of
common pleas. The only record of the judgment above
mentioned was the following memorandum in the docket
of the said justice.

*Coos, February* 21, 1820. At a justice court held this
day before me, Jonas Baker, Esquire, one of the justices
of the peace in and for said county of Coos, at the
dwelling house of S. A. Pearson, Esquire, in Lancaster, in
said county, at nine of the clock, A. M., the following ac-
tion was entered, heard and disposed of, by and before me.

JONAS BAKER, *Jus. Peace.*

*Thomas Carlisle, et a.* v. *Charles Thompson.*

Default. Judgment for the plaintiffs——debt, $5,17

costs, 3,67

———

8,84

Execution issued February 22, 1820.                    ,25

The execution thus issued was lodged in the said
clerk's office with a return that it was in no part satisfied.
Application had been made to the said clerk to enter up
and certify a regular judgment in the said case ; but en-
tertaining doubts whether he could legally do this, he
declined it. The plaintiffs then moved for a *mandamus* di-
recting the clerk to make up and certify a regular judg-
ment.

*Pearson,* for the plaintiffs.

*Young,* for the defendant.

*By the court.* The statute of June 10, 1791, provides,
that when any justice of the peace shall die, the book
of records and files of the said justice shall be lodged
with the clerk of the court of common pleas, in the coun-
ty in which such deceased justice was a justice of the
peace, and that the clerks of the courts of common pleas
shall give attested copies of the records and papers of
deceased justices, that may be lodged in their offices,

and that they, respectively, shall be deemed, for the purposes aforesaid, proper certifying officers. And we entertain no doubt that in all cases, where there are sufficient memoranda to enable a clerk to make a regular judgment, it is his duty to do it when requested, and to certify the judgment thus reduced to form, as the judgment rendered in the case. Regular judgments in the court of common pleas have rarely been made up in this state, and yet it has been the constant practice for clerks to make up and certify judgments from the memoranda of their predecessors. Indeed, if this could not be done, great embarrassment would be felt in many cases. Regular judgments are rarely, if ever, entered upon the records of justices of the peace ; yet it is the constant practice to make up a regular judgment from the minutes which the justice keeps, and to certify the judgment thus made up, whenever a copy of the judgment is required.